Filed 4/22/16  P. v. Stanley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C080257 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F2023) |
| v. | |
| JEREMY PAUL STANLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeremy Paul Stanley has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we affirm the judgment.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

While conducting a traffic stop of defendant, a Shasta County deputy sheriff learned defendant did not have a valid driver's license. When conducting a search of defendant, the sheriff found a seven-inch fixed-blade knife in defendant's pocket. An information charged defendant with carrying a concealed dirk or dagger (Pen. Code, § 21310)[1] and one misdemeanor count of driving without a license (Veh. Code, § 12500, subd. (a)). The information further alleged that defendant had sustained one strike prior conviction (§ 1170.12) and served six prior prison terms. (§ 667.5 (b).)

Defendant pleaded no contest to carrying a concealed dirk or dagger and admitted his prior strike conviction in exchange for a stipulated sentence of 32 months. The trial court dismissed the remaining counts and allegations. The trial court sentenced defendant to a term of 16 months, doubled pursuant to the strike, and awarded defendant 181 days of presentence custody credits. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), and a corresponding parole revocation fine suspended unless parole is revoked (§ 12024.5), a $40 court operations fee (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

2

DISPOSITION

The judgment is affirmed.

      NICHOLSON     , Acting P. J.

We concur:

     MURRAY     , J.

     RENNER     , J.

3